UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRVONTRE INGRAM,<br>　　　　　Plaintiff,<br>　　　v.<br>NEAL TANIGUCHI, et al.,<br>　　　　　Defendants. | Case No. 21-cv-08889-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Sirvontre Ingram brings suit against various state officials for violating his constitutional rights during criminal proceedings in 2021. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

This action will be dismissed because the suit is barred by Supreme Court precedent; Ingram has failed to link most of the defendants to any wrong, nor can he link them; and the remaining state actors are immune from suit.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

1   plausibility when the plaintiff pleads factual content that allows the court to draw the
2   reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
3   *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal
4   conclusions cast in the form of factual allegations if those conclusions cannot reasonably
5   be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55
6   (9th Cir. 1994).
7       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
8   elements: (1) that a right secured by the Constitution or laws of the United States was
9   violated, and (2) that the alleged violation was committed by a person acting under the
10  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

12      Ingram alleges that various state officials, including the district attorney and the
13  superior court, denied him his speedy trial and other constitutional rights in connection
14  with criminal proceedings in 2021. (Am. Compl., Dkt. No. 4 at 3.) He names as
15  defendants the State of California; the San Mateo County Board of Supervisors; the San
16  Mateo District Attorney's Office and their attorneys; and others. Ingram does not say
17  whether the criminal proceedings resulted in a conviction.
18      There are several reasons his suit cannot go forward. First, if Ingram was
19  convicted, his section 1983 suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).
20  *Heck* bars section 1983 actions for damages for an allegedly unconstitutional conviction or
21  imprisonment, or for other harm caused by actions whose unlawfulness would render a
22  conviction or sentence invalid. *Id.* at 486-487. When a state prisoner seeks damages in a
23  section 1983 suit, the district court must therefore consider whether a judgment in favor of
24  the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it
25  would, the complaint must be dismissed unless the plaintiff can demonstrate that the
26  conviction or sentence has already been invalidated. *Id.* at 487. The *Heck* bar applies here
27  because a judgment that defendants violated his right to a speedy trial would necessarily
28  imply the invalidity of his convictions and sentence.

The *Heck* bar can be avoided if a plaintiff can prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* Ingram has made no showing (or even alleged) that *Heck* does not bar his case.

Second, this suit also cannot go forward because Ingram has not linked any defendant — other than the district attorney and the superior court — to any alleged wrong. Therefore he has not stated a claim against these other defendants. Allowing amendment would be futile because these other defendants have no plausible connection to the actions described in the complaint.

Third, the district attorney and the superior court are immune from suit. A state prosecuting attorney enjoys absolute immunity from damages liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).

For all these reasons, the suit will be dismissed.

## CONCLUSION

This federal civil rights action is DISMISSED. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** February 20, 2022

_____
WILLIAM H. ORRICK
United States District Judge